IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Seth D. Harris, Acting Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br>v.<br><br>San Miguel Sweepers, Inc., d/b/a All Pro Sweeping, and Alex San Miguel, an individual,<br><br>    Defendants. | Case No.: CV-13-00301-PHX-ROS<br><br>**CONSENT JUDGMENT** |

**IT IS ORDERED** the parties' stipulation for consent decree (**Doc. 3**) is **GRANTED** as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereafter the "Act" or the "FLSA") that Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

  1.  Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in

1

the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

3. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4. Defendants shall not withhold payment of $139,593.44, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from March 16, 2010 through March 15, 2012, to the present and former employees named in Exhibit A attached hereto and made a part hereof, in the amounts set forth therein.

5. Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check or any

other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the Defendants in the total amount of $141,052.08.

6. Defendants shall pay to the Secretary the sum of $139,593.44, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period March 16, 2010 through March 15, 2012, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, less deductions for employees' share of social security and withholding taxes, plus post judgment interest of $1,458.64.

7. The provisions of paragraphs 4 and 6 of this Consent Judgment will be deemed satisfied by Defendants delivering to the Secretary's representative the following:

a. On February 15, 2013, Defendants shall initiate repayment of the back wages and post-judgment interest described in paragraphs 4 and 6 above by making an initial payment of $5,877.17, less legal deductions for employees' share of social security and withholding taxes plus post-judgment interest, in accordance

with the terms set forth in subparagraph 7(b) below (and as set forth in attached Exhibit B). Defendants shall pay the remainder of the balance due, plus 1% annual interest, in 23 monthly installments in accordance with the terms set forth in paragraph 7(b) (and as set forth in attached Exhibit B). Defendants may pay the remaining balance due in full at any time with no additional penalty or interest.

      b.      Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Phoenix District Office, 230 N. First Ave., Suite 402, Phoenix, Arizona 85003, on February 15, 2013 and again on or before the fifteenth day of every month (i.e., March 15, April 15, etc.) thereafter until the back wage recovery and post-judgment interest provisions of this Consent Judgment have been satisfied in full for each person who is listed in the attached Exhibit A, the following:

      (1) A cashier's check or money order with the firm name and "Back Wages and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount due at the time of the payment as set forth in attached Exhibit B, less legal deductions for employees' share of social security and withholding taxes. The checks described in this subparagraph shall contain no expiration date.

      (2) A schedule in duplicate bearing the firm name (that is contained in the caption of this Judgment), employer identification number(s), address and phone number of the Defendants and listing separately, for each person named in the attached Exhibit A, the name, last known (home) address, social security number, the gross amount of back wages and post-judgment interest included in the specific payment for the employee, and the net amount of back wages and post-judgment interest included in the specific payment for each employee.

c. In the event of any default in the timely making of any payment due under this Judgment, the full gross amount (under the back wage provisions of this Judgment) that then remains unpaid shall be subject to interest at a rate of ten percent (10%) per annum and shall become due and payable upon Plaintiff sending by ordinary mail a written demand to the last business address of the Defendant known to the Plaintiff; the manner of the immediate payment, in the case of the back wages, shall be a certified or cashier's check or money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages" written thereon payable to the order of the "Wage & Hour Div., Labor;" and, in the case of the interest on the back wages, shall be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage interest" written thereon payable to the order of the "Wage & Hour Div., Labor."

8. The amounts so paid shall be used by the Secretary to satisfy the obligations imposed under the provisions of Section 16(c) of the FLSA, 29 U.S.C. § 216(c), and shall be distributed to the employees named and in the amount set forth in Exhibit A to this Consent Judgment (or to their heirs or estates). Any monies not distributed by the Wage and Hour Division because of a failure to locate an employee or because of an employee's refusal to accept said distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

9. Further, the filing, pursuit and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Findings and incorporated

1 | hereto by reference, nor as to any employee named on the Exhibit A for any period
2 | not specified herein for the back wage recovery provisions.
3 |     10.    Each party shall bear all fees and other expenses (including court
4 | costs) incurred by such party in connection with any stage of this proceeding to
5 | date.
6 |     IT IS FURTHER ORDERED this Court shall retain jurisdiction of this
7 | action for purposes of enforcing compliance with the terms of this Consent
8 | Judgment.  The Clerk shall terminate this case.
9 |     Dated this 28th day of February, 2013.

_____
Roslyn O. Silver
Chief United States District Judge

EXHIBIT A

| Employee | Back Wages | Interest | Total Due |
|---|---:|---:|---:|
| Anguamez-Mejia, Roberto | $58.50 | $0.61 | $59.11 |
| Bautista, Juan L | 323.34 | 3.38 | 326.72 |
| Cabrera Hernandez, Juan A | 73.13 | 0.76 | 73.89 |
| Calderon, Luis F | 66.00 | 0.69 | 66.69 |
| Campos, Marcos A | 608.15 | 6.35 | 614.50 |
| Canfield, Robert | 150.32 | 1.57 | 151.89 |
| Castanon, Cuauhtemoc A | 187.25 | 1.96 | 189.21 |
| Ceniceros, Alberto | 10,141.58 | 105.97 | 10,247.55 |
| Cerritos, Jose A | 1,332.00 | 13.92 | 1,345.92 |
| Dominguez-Pena, Agustin | 141.00 | 1.47 | 142.47 |
| Duenas, Sergio | 3,383.88 | 35.36 | 3,419.24 |
| Enriquez, Daniel P | 192.75 | 2.01 | 194.76 |
| Espinoza, Mario E | 4,327.41 | 45.22 | 4,372.63 |
| Galindo Galindo, Felipe | 4,335.43 | 45.30 | 4,380.73 |
| Garcia, Raul, | 6,375.00 | 66.61 | 6,441.61 |
| Garcia-Becerril, Sergio | 28.00 | 0.29 | 28.29 |
| Gastelum Alvarez, Jesus | 304.11 | 3.18 | 307.29 |
| Giles, Jose | 630.46 | 6.59 | 637.05 |
| Gomes, Mariano | 6,545.99 | 68.40 | 6,614.39 |
| Gomez Cruz, Pablo | 5,828.49 | 60.90 | 5,889.39 |
| Guerra, Leonardo | 278.86 | 2.91 | 281.77 |
| Hernandez, Daniel L | 179.47 | 1.88 | 181.35 |
| Hernandez, Federico | 1,066.65 | 11.15 | 1,077.80 |
| Hernandez, Jose A | 4,059.70 | 42.42 | 4,102.12 |
| Hernandez, Jose G | 4,615.53 | 48.23 | 4,663.76 |
| Hernandez, Lionel | 796.16 | 8.32 | 804.48 |
| Hernandez, Rigoberto | 3,801.44 | 39.72 | 3,841.16 |
| Hernandez Jr., Ernesto | 400.27 | 4.18 | 404.45 |
| Huff, James | 1,701.48 | 17.78 | 1,719.26 |
| Hulley, Damon | 409.99 | 4.28 | 414.27 |
| Jurado, Gerardo | 3,544.50 | 37.04 | 3,581.54 |
| Jurando, Gerardo H | 1,887.36 | 19.72 | 1,907.08 |
| Lelis, Michael G | 110.52 | 1.15 | 111.67 |
| Lemell, Vincent | 30.65 | 0.32 | 30.97 |
| Limon, Jesus | 2,648.61 | 27.68 | 2,676.29 |
| Luna, Andres | 4,411.47 | 46.10 | 4,457.57 |
| Luna Gomez, Sergio | 4,108.51 | 42.93 | 4,151.44 |
| Marquez, Daniel | 3,419.50 | 35.73 | 3,455.23 |
| Martinez, Monolo R | 3,218.50 | 33.63 | 3,252.13 |
| Murillo, Guadalupe | 3,486.94 | 36.44 | 3,523.38 |

| Name | | | |
|---|---:|---:|---:|
| Olmedo-Hernandez, Froilan | 173.04 | 1.81 | 174.85 |
| Orozco, Artemio | 4,623.16 | 48.31 | 4,671.47 |
| Orozco, Ramon | 617.36 | 6.45 | 623.81 |
| Ortega-Galindo, Alejandro | 3,740.00 | 39.08 | 3,779.08 |
| Penunuri, Manuel | 22.00 | 0.23 | 22.23 |
| Ramirez, Reyes R | 3,817.32 | 39.89 | 3,857.21 |
| Ramos-Velez, Francisco | 25.44 | 0.27 | 25.71 |
| Rios-Dominguez, Pedro | 62.10 | 0.65 | 62.75 |
| Rodriguez, Ricardo | 601.32 | 6.28 | 607.60 |
| Romero, Antonio | 196.71 | 2.06 | 198.77 |
| Sanchez, Jorge | 36.74 | 0.38 | 37.12 |
| Sanchez, Manuel | 5,822.95 | 60.85 | 5,883.80 |
| Sanchez, Mario | 4,284.37 | 44.77 | 4,329.14 |
| Sanchez, Pedro | 1,147.01 | 11.99 | 1,159.00 |
| Sanchez, Samuel | 5,256.25 | 54.92 | 5,311.17 |
| Santiago, Carlos J | 7,818.34 | 81.70 | 7,900.04 |
| Santillanes, Jose A | 572.98 | 5.99 | 578.97 |
| Suzuki, Armando | 470.58 | 4.92 | 475.50 |
| Tenorio III Albent | 428.40 | 4.48 | 432.88 |
| Torres Murillo, Manuel | 4,307.03 | 45.01 | 4,352.04 |
| Tosar-Gadavieco, Guillermo | 881.17 | 9.21 | 890.38 |
| Valenzuela, Marion | 1,616.99 | 16.90 | 1,633.89 |
| Vargas-Gudino, Gilberto | 595.08 | 6.22 | 601.30 |
| Villareal, Javier | 3,268.20 | 34.15 | 3,302.35 |
| **Total Due:** | **$139,593.44** | **$1,458.64** | **$141,052.08** |

EXHIBIT B

| Payment Due Date | Gross BW's Due | Post Judgment Interest Due | Total Due |
|---|---|---|---|
| February 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| March 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| April 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| May 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| June 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| July 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| August 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| September 15, 2013 | 5,816.40 | 60.77 | 5,877.17 |
| October 15, 2013 | 5,816.39 | 60.78 | 5,877.17 |
| November 15, 2013 | 5,816.39 | 60.78 | 5,877.17 |
| December 15, 2013 | 5,816.39 | 60.78 | 5,877.17 |
| January 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| February 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| March 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| April 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| May 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| June 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| July 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| August 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| September 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| October 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| November 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| December 15, 2014 | 5,816.39 | 60.78 | 5,877.17 |
| January 15, 2015 | 5,816.39 | 60.78 | 5,877.17 |
|  | $139,593.44 | $1,458.64 | $141,052.08 |